UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ADAVION CANSLER                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:16-CV-P99-JHM

HENDERSON CO. POLICE DEPT. *et al.*                                         DEFENDANTS

<u>MEMORANDUM OPINION</u>

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Adavion Cansler leave to proceed *in forma pauperis*. This matter

is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).

For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Defendants Henderson County Police Department

(HCPD), HCPD Officer Joseph Whitledge, the City of Henderson, and the Henderson County

Prosecutor's Office. He indicates that he is suing these four Defendants in both their official and

individual capacities.

In his complaint, Plaintiff states as follows:

In December 2014 Henderson, Co. Police Dept. started a investigation with
insufficient evidence. In April 2015, a warrant was issued by Judge Charles
McCollom for trafficking marijuana 1000 yards from a school. On June 2016, I
was stopped at a traffic stop (road block) and arrested. At the time of this
incident, I was already a graduate of Henderson County High School when this
violation occurred on school property. On July 29, I'm still being held for
trafficking charges which is false imprisonment, and a violation of my rights. I
hold all the defendants listed responsible for my incarceration. There is no
evidence linking me to any of this or any audio, video.

As relief, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief in the form of release from detention.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Claims against the City of Henderson and the HCPD and the Official-Capacity Claim against HCPD Officer Whitledge

First, the Court will dismiss the claims against the HCPD because it is not an entity subject to suit under § 1983. *Matthews v. Jones,* F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the police department are against Henderson County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). As to the official-capacity claim against HCPD Officer Whitledge, "[o]fficial-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against HCPD Officer Whitledge is also against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, such as the City of Henderson or Henderson County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that

violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff has not claimed that any alleged constitutional injury was the result of an official custom or policy of the City of Henderson or Henderson County. As such, the Court will dismiss the claims against the City of Henderson and Henderson County and the official-capacity claims against HCPD Officer Whitledge for failure to state a claim upon which relief may be granted.

**B. Henderson County Prosecutor's Office**

The Henderson County Prosecutor's Office is an agency of the Commonwealth of Kentucky. A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *See, e.g.*, *Parker v. Clymer*, No.

4

5:10CV-47-R, 2010 U.S. Dist. LEXIS 81605, at *7-8 (W.D. Ky. Aug. 10, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Furthermore, official-capacity claims for damages against state officials and all claims against a state and its agencies or its arms of state are barred by the Eleventh Amendment to the United States Constitution.  *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

 In addition, although Plaintiff does not identify or make specific allegations against an individual Henderson County prosecutor, prosecutors are generally protected by prosecutorial immunity.  *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor is unquestionably functioning as an advocate for the state in the judicial process, and absolute immunity is fully justified because the integrity of the judicial system depends in large part upon a prosecutor's ability to exercise independent judgment in deciding whether and against whom to bring criminal charges.").

Thus, Plaintiff's damages claim against the Henderson County Prosecutor's Office will also be dismissed for failure to state a claim under § 1983 and for seeking relief from a Defendant who is immune from such relief.

### C. **Individual-Capacity Claim against HCPD Officer Whitledge**

Plaintiff identifies HCPD Officer Whitledge as a Defendant in the caption of his complaint, but the body of the complaint contains no information or allegations which describe the unconstitutional conduct allegedly taken by him.

It is well-settled that a plaintiff cannot establish the liability of any defendant under § 1983 absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371

(1976).  *See also Heyerman v. Cty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability.").

In addition, because Plaintiff's complaint contains no allegations pertaining to HCPD Officer Whitledge, the Court must speculate as to the basis of Plaintiff's claim against him.  A district court should not, however, be required to guess or speculate about the basis of a plaintiff's civil rights claim.  Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Admittedly, *pro se* pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but as previously explained, to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim.  *Twombly*, 550 U.S. at 555, n.3; *Iqbal*, 556 U.S.at 678 (a court need not accept threadbare recitals of the elements of a cause of action supported by conclusory statements);  *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (holding that conclusory allegations of unconstitutional conduct without specific factual allegations failed to state a claim).

For these reasons, the Court will dismiss Plaintiff's individual-capacity claims against HCPD Officer Whitledge for failure to state a claim upon which relief may be granted.

## C.  Injunctive Relief

Finally, Plaintiff seeks "illegal detention release."  Where, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, because Plaintiff is seeking immediate release from detention, his 42 U.S.C. § 1983 claim for injunctive relief cannot lie.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:  November 14, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
     Henderson City Attorney
4414.011

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment.  *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .'  28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.").